| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

COPY

LOEB & LOEB LLP
WILLIAM M. BRODY (SBN 229901)
wbrody@loeb.com
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200

HARDER MIRELL & ABRAMS LLP
Douglas E. Mirell (SBN 094169)
dmirell@hmafirm.com
Dilan A. Esper (SBN 178293)
desper@hmafirm.com
1801 Avenue of the Stars, Suite 1120
Los Angeles, California 90067
Telephone: (424) 203-1603

Attorneys for Plaintiffs
THE FOLB PARTNERSHIP and
PARAMOUNT CONTRACTORS AND
DEVELOPERS, INC.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 09 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| THE FOLB PARTNERSHIP, a California partnership and PARAMOUNT CONTRACTORS AND DEVELOPERS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a California municipal corporation and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. BC587659<br><br>**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES** |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

COMPLAINT

Plaintiffs the Folb Partnership and Paramount Contractors and Developers, Inc., ("Paramount") (collectively "Plaintiffs") are informed and believe and based thereon allege as follows for their Complaint against the City of Los Angeles (the "City" or "Defendant"):

## THE PARTIES AND PROPERTIES

1. Plaintiff the Folb Partnership is a California partnership with its principal place of business in Los Angeles, California. The Folb Partnership owns a commercial building located at 3500 Overland Avenue in Los Angeles ("3500 Overland").

2. Plaintiff Paramount Contractors and Developers, Inc. ("Paramount") is a California corporation with its principal place of business in Los Angeles, California. Paramount operates commercial buildings at 6464 and 6565 West Sunset Boulevard in Los Angeles (the "Sunset Boulevard Properties").

3. Defendant the City of Los Angeles (the "City") is a municipal corporation organized and existing under the laws of the State of California.

4. Plaintiffs are currently unaware of the true names and capacities of the Defendants sued herein by the fictitious names DOES 1 through 10, inclusive, and therefore, sue those Defendants by such fictitious names. Plaintiffs are informed and believe, and based thereon allege, that each of the Doe Defendants is responsible or liable in some manner to Plaintiffs for the conduct herein, and that the Plaintiffs' damages as herein alleged were proximately caused by such Doe Defendants. This Complaint will be amended to allege the true names and capacities of such fictitiously named Defendants once the same are ascertained.

5. Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, each Defendant and Doe was the agent, servant and/or employee of each other Defendant and Doe, and in connection with the conduct herein alleged, was acting within the course and scope of such agency and employment, and that each Defendant and Doe ratified each and every act, omission and thing done by each and every other Defendant and Doe.

## COMMON ALLEGATIONS

6. This complaint seeks redress for the City's improper denial of Plaintiffs' attempts to obtain permits for various types of signage on their buildings. Plaintiffs also challenge aspects

LA2435299.6
028782-10015

1

COMPLAINT

of the City's signage regulations based on, among other things, the reasoning in a recent decision by the United States Supreme Court in *Reed v. Town of Gilbert, Arizona*.

## I. Prior Lawsuits

7. In 2007 and 2008, Paramount filed two federal lawsuits suits against the City (the "Federal Cases"). Generally, those lawsuits challenged the City's denial of Paramount's attempts in approximately 2006 through 2009 to obtain certain types of signage permits under the City's then in-effect signage regulations. The appeals in the Federal Cases concluded by 2013.

8. In May 2010, the City and People of the State of California filed a civil enforcement action against Paramount and other parties, which is currently pending as Los Angeles Superior Court Case No. BC437023 (the "Civil Enforcement Action"). In that action, the City and People of the State of California sought to hold Paramount and the other defendants liable for, among other things, allegedly maintaining "supergraphic" signs from 2006 through early 2010 without all of the proper permits. In response, Paramount filed a cross-complaint against the City. The Court dismissed that cross-complaint on the grounds that it concerned issues already litigated in the Federal Cases. Paramount's appeal to the Court of Appeal regarding its cross-complaint was denied in October 2014.

9. The Folb Partnership was not a party to any of these prior lawsuits and has never been party to any lawsuit with the City.

## II. Plaintiffs' Attempts In 2015 To Obtain New Signage Permits

10. In 2015, subsequent to the Federal Cases and the denial of Paramount's appeal in the Civil Enforcement Action, Plaintiffs sought new permits to erect various types of signs on the Sunset Boulevard Properties and at 3500 Overland. Plaintiffs sought these permits so that they could display messages for themselves, for political campaigns, and for third parties.

11. Specifically, Paramount applied to the City for permits to erect the following signs at 6464 and 6565 Sunset Boulevard:

    a. Temporary signs to display "off-site" messages for a 30-day period, pursuant to Los Angeles Municipal Code ("LAMC") section 14.4.16;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

2

COMPLAINT

      b.    Grandfathered supergraphics signs to display "off-site" messages based on Section 6.K of Los Angeles Ordinance No. 181340;

      c.    Supergraphic signs to display political messages for up to a 30-day period;

      d.    Wall signs to display "off-site" messages.

12.    Paramount had never sought or applied for these permits prior to the conclusion of the Federal Cases and its appeal to the Court of Appeal in the Civil Enforcement Action.

13.    The Folb Partnership applied for permits to erect and maintain "temporary signs" to display off-site messages for up to 30 days at 3500 Overland, pursuant to LAMC section 14.4.16. The Folb Partnership had never previously sought a permit to erect or maintain this type of sign.

14.    Plaintiffs' permit applications complied with all necessary requirements under the Los Angeles Municipal Code and otherwise.

15.    Nonetheless, the City refused to process or approve any of Plaintiffs' applications and, in fact, failed to even fully review the applications. Officials at the Los Angeles Department of Building and Safety ("LADBS") made it clear to Plaintiffs' representatives that under no circumstances would they accept or approve any of Plaintiffs' permit applications for off-site signage or supergraphics, despite the fact that certain types of off-site signage and supergraphics were allowed under the LAMC. In addition, representatives of Plaintiffs have communicated with personnel from offices of City councilmembers and other City officials who have made it clear that Paramount would not be issued permits for supergraphics or off-site signage. Given the position of LABDS and other City officials, it is futile for Plaintiffs to make any further attempts to obtain permits to erect or maintain the signs identified above.

16.    As addressed below, the permits Plaintiffs applied for should have been issued.

III.    <u>Relevant Signage Laws</u>

    A.    <u>Los Angeles Municipal Code</u>

17.    Los Angeles Municipal Code section 14.4.16 governs "temporary signs." It provides in part: "**Permit Required.** Notwithstanding any other provision of this article, a building permit shall be required for a temporary sign, pennant, banner, ribbon, streamer or

3
COMPLAINT

spinner, other than one that contains a political, ideological or other noncommercial message. The permit application shall specify the dates being requested for authorized installation and the proposed location."

18. In other words, "temporary signs" that contain political, ideological or noncommercial messages do not require a permit. All other "temporary signs" do.

19. LAMC section 14.2.2 defines an "off-site" sign as follows: "A sign that displays any message directing attention to a business, product, service, profession, commodity, activity, event, person, institution or any other commercial message, which is generally conducted, sold, manufactured, produced, offered or occurs elsewhere than on the premises where the sign is located." LAMC section 14.4.4.11 prohibits "off-site" signage unless permitted pursuant to a bevy of exceptions such as a supplemental use district ordinance. LAMC section 14.4.18 provides certain height location and other restrictions for off-site signage.

B. <u>Los Angeles Ordinance No. 181340</u>

20. Los Angeles Ordinance No. 181340 (the "Amended Hollywood SUD") governs signage in certain portions in Hollywood centered around Sunset and Hollywood Boulevard (the "Hollywood Signage District"). The Sunset Boulevard Properties are located in this signage district.

21. Pursuant to Section 5.D of the Amended Hollywood SUD, the citywide restrictions on "off-site" signage do not apply to most types of signs within the Hollywood Signage District. Section 5.D states: "**Permitted Off-Site Signage.** Notwithstanding the provisions of Section 14.4.4 of the Code to the contrary, off-site advertising is permitted within the Supplemental Use District on any type of permitted sign except that no off-site advertising is permitted on Architectural Ledge Signs, Awning Signs, Monument Signs, Pedestrian Signs, or Wall Signs."

22. Under the Amended Hollywood SUD (as well as LAMC section 14.4.4), supergraphics in the Hollywood Signage District are allowed under various circumstances. One of those circumstances is set forth in Section 6.K of the Amended Hollywood SUD. It provides: "The prohibition of Supergraphic Signs in this Ordinance shall not apply to developments where a Project Permit Approval for Supergraphic Signs was granted on or before November 12, 2008...."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

4

COMPLAINT

### C. Recent Case Law: Reed v. Town of Gilbert, Arizona

23. On June 18, 2015 in the case *Reed v. Town of Gilbert, Arizona*, 576 U.S. ___ (2015), the United States Supreme Court reviewed a challenge to regulations of temporary signage in Gilbert, Arizona. The town's regulations of temporary signage varied based on whether the sign contained a political, religious, or other messages. Overturning a prior Ninth Circuit holding, the Court invalidated the town's regulations and, contrary to the then in effect case-law in the Ninth Circuit, held that such content-based distinctions in municipal regulations warrant application of strict scrutiny.

24. Similarly, in October 2014, in *Lamar Central Outdoor v. City of Los Angeles*, a department of the Los Angeles Superior Court issued a decision holding that the City's off-site signage regulations were unconstitutional under the California Constitution and subject to scrutiny. This decision called into question a prior to Ninth Circuit Court of Appeals decision interpreting California law as it applied to the City's signage regulations.

25. Notwithstanding the above decisions, the City continues to enforce its bans of off-site signage and supergraphics against Plaintiffs.

## IV. Causes Of Action

### FIRST CAUSE OF ACTION

### (By Plaintiffs Against Defendants For Violations

### Of Free Speech Rights Based On Content Discrimination)

26. Plaintiffs refer to and incorporate herein by reference, as though fully set forth herein, each of the other allegations in this Complaint.

27. Plaintiffs' First Cause of Action concerns the Constitutionality under the United States and California Constitutions of three aspects of the City's signage regulations, both facially and as applied to Plaintiffs' recent attempts to obtain permits: (1) the City's regulation of temporary signage under LAMC section 14.4.16; (2) the City's regulation of political signs; and (3) the City's regulation of certain off-site signs subsequent to *Reed v. Town of Gilbert*.

28. *First*, as the Supreme Court explained in *Reed v. Town of Gilbert*, under the First Amendment's protection of free speech, distinctions in municipal laws among signage based on

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

5

COMPLAINT

the content of the message displayed are subject to strict scrutiny and must be narrowly tailored to further a compelling governmental interest. Likewise, Article 1, Section 2(a) of the California Constitution provides even stronger protections against content-based regulations of speech.

29. Contrary to these Constitutional protections, LAMC section 14.4.16 provides that "temporary signs" which contain political or ideological messages do not require a permit, while temporary signs containing commercial messages do.

30. Pursuant to the reasoning set forth in *Reed v. Town of Gilbert*, LAMC section 14.4.16 is unconstitutional. The content-based distinction between political, "ideological" and other types of signage serves no compelling interest. This is especially the case given the fact that countless other types of commercial signs are allowed throughout the City. Even if there were a compelling interest in this content-based distinction, the City's regulations regarding temporary signs in this regard are neither necessary nor sufficiently tailored to meet that interest.

31. The definition of the types of messages a party can place on "temporary signs" without obtaining a permit is also vague and overbroad. The terms "political" and "ideological" are difficult to interpret and are likely to be applied in an inconsistent manner by City officials.[1]

32. This content-based distinction is facially invalid and as-applied under the United States and California Constitutions.

33. *Second*, the Supreme Court's June 2015 decision in *Reed v. Town of Gilbert* calls into question the City's regulations of other types of off-site signs. Despite the recent decision by the Supreme Court, the distinctions in the LAMC for off-site messages have been and will continue to be applied to Plaintiffs in a number of ways, including but not limited to Paramount's attempt to obtain permits for "off-site" wall signs at the Sunset Boulevard Properties. The City's regulation of this off-site signage, facially and as applied to Plaintiffs, cannot pass the strict scrutiny test applied in *Reed v. Town of Gilbert* considering, among other things, the City's frequent allowance of off-site and other signs throughout the City.

---

[1] LAMC section 14.4.4 also contains similarly vague and overbroad references to "political" and "ideological" signage.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

6

COMPLAINT

34.  *Third*, Paramount has recently sought permits to display political messages in support of a political campaign on supergraphic signs on the exterior walls of 6464 and 6565 Sunset Boulevard. As described above, Paramount's recent attempts to obtain these permits were rejected without proper consideration. On the other hand, the City allows scores of other speakers and property owners to display commercial messages via supergraphics both in the Hollywood Signage District and elsewhere in the City. The City has no compelling interest in banning political supergraphics while allowing permanent commercial supergraphics. This is especially the case considering the fact that the City has already found supergraphic signs, and in particular supergraphic signs on the Sunset Boulevard Properties, to be safe and aesthetically appropriate.

35.  Unless the City is enjoined and restrained from engaging in the conduct described in this cause of action, Plaintiffs will be irreparably injured in that they will be deprived of constitutional rights guaranteed under the Federal and State Constitutions. Allowing the City to enforce the sign regulations and ordinances will also have a chilling effect on the exercise of free speech rights by members of the public. Plaintiffs have no adequate remedy at law to prevent or redress this irreparable injury.

36.  Plaintiffs are informed and believe and based thereon allege that the City denies the above contentions. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights, duties and obligations with regard to the City's signage regulations and ordinances, permitting activities and enforcement efforts. An actual and justiciable controversy has arisen and now exists between the parties concerning the constitutionality of the City's sign regulations and ordinances and the application and enforcement thereof against Plaintiffs. Plaintiffs therefore desire a judicial determination of the rights, duties and obligations of the parties concerning these issues.

37.  As a direct and proximate result of the conduct alleged herein, Plaintiffs have suffered and will continue to suffer substantial lost revenue, lost profits and goodwill due to their inability to themselves use or lease their building space to advertisers or others, in an amount to be proven at trial. Plaintiffs have also suffered the loss of permitting rights and highly valuable permits. Plaintiffs therefore are entitled to, and hereby seek, damages to account for such losses.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

7

COMPLAINT

38. In performing the above described acts, the City has acted under color of statute, ordinance, regulation, and policy that is outside their constitutional authority and contrary to law. In taking the acts alleged herein, City officials have acted pursuant to the City's customs, policies, and practices with respect to, among other things, signage and the granting of signage permits. Plaintiffs are entitled to recover damages pursuant to 42 U.S.C. § 1983 as well as under any other applicable provisions of state or federal law.

39. Plaintiffs are also entitled to recover, and hereby seek, their reasonable attorneys' fees in prosecuting this action pursuant to 42 U.S.C. § 1988 and any other applicable provisions of federal and state law. Likewise, if Plaintiffs are successful in this action, a significant benefit will be conferred on the general public and Plaintiffs are therefore entitled to recover their reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

(By Paramount Against Defendants For Improper Application Of the Los Angeles Municipal Code And Amended Hollywood SUD To Deny Signage Permits)

40. Plaintiffs refer to and incorporate herein by reference, as though fully set forth herein, each of the other allegations in this Complaint.

41. As described above, Plaintiffs recently attempted to obtain permits for various types of signage. Without performing a proper review, the City denied and refused to even process all of Plaintiffs' permit applications. Under its current signage regulations, the City should have issued permits for two types of signage.

42. *First*, in 2015, Paramount applied for a permit to erect supergraphics at 6464 and 6565 Sunset Boulevard pursuant to Section 6.K of the Amended Hollywood SUD. It had never applied for or sought a permit under this particular regulation. Section 6.K is an exception to the citywide partial "ban" on supergraphics and allows a party to obtain a permit to erect and maintain supergraphics within the Hollywood Signage District if that party received a project permit approval for supergraphics on or before November 12, 2008. In 2005, Paramount obtained a project permit approval to erect and maintain supergraphics for the developments at each of the Sunset Boulevard Properties. In those project permit approvals, City officials found and declared

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

8

COMPLAINT


that supergraphic signage on the Sunset Boulevard Properties would be safe, attractive and in line with the aesthetics of the local community.

43. Nonetheless, in 2015, Paramount's permit applications for supergraphics signs under these provisions were summarily denied, contrary to the provisions of the Amended Hollywood SUD and Los Angeles Municipal Code.

44. *Second*, the City also refused and failed to process Paramount's recent applications for temporary signs to display off-site messages. Such signs are plainly allowed by section 7.K of the Amended Hollywood SUD and section 14.4.16 of Los Angeles Municipal Code.

45. Unless the City is enjoined and restrained from engaging in the conduct described in this cause of action, Paramount will be irreparably injured in that it will be deprived of is right to erect and maintain signage. Paramount has no adequate remedy at law to prevent or redress this irreparable injury.

46. Paramount is informed and believes and based thereon alleges that the City denies the above contentions. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights, duties and obligations with regard to the City's signage regulations and ordinances, permitting activities and enforcement efforts. An actual and justiciable controversy has arisen and now exists between the parties concerning the application and enforcement of the City's signage regulations against Paramount as described in this cause of action. Paramount therefore desires a judicial determination of the rights, duties and obligations of the parties concerning these issues.

47. As a direct and proximate result of the conduct alleged herein, Paramount has suffered and will continue to suffer substantial lost revenue, lost profits, and goodwill due to its inability to use or lease its building space to advertisers or others, in an amount to be proven at trial. Paramount has also suffered the loss of permitting rights and highly valuable permits. Paramount is therefore entitled to, and hereby seeks, damages to account for such losses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows, on all causes of action:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

9

COMPLAINT

## FIRST CAUSE OF ACTION

1. For a declaration that the City's denial of the signage permits and related approvals addressed herein, and attempts to enforce the challenged signage regulations and laws, are, and at all relevant times herein were, unconstitutional facially and as applied, illegal, and unenforceable in violation of Plaintiffs' rights under the United States and California Constitutions.

2. For a declaration that Paramount is entitled to erect supergraphics signage containing political messages at 6464 and 6565 Sunset Boulevard and an injunction barring the City from preventing Paramount from doing so.

3. For a an injunction restraining the City and its agents, officers and employees, and all persons acting in concert with them, from impermissibly, illegally and/or unconstitutionally restricting Plaintiffs' ability to erect and maintain the signs at issue.

4. For a declaration that the content-based distinctions set forth in LAMC section 14.4.16 and elsewhere in the municipal code are invalid because they violate the First Amendment and Article 1, Section 2(a) of the California Constitution, and for an injunction barring the City from enforcing any such content-based restrictions.

5. For a declaration that Plaintiffs are entitled to permits and all related approvals required to erect and maintain the signage referenced herein.

6. For compensatory damages, consequential damages, attorneys' fees and lost profits in an amount according to proof and, without limitation, all damages available under 42 U.S.C. §§ 1983 and 1988.

## SECOND CAUSE OF ACTION

1. For a declaration that given its project permit approvals and Section 6.K of the Amended Hollywood SUD, Paramount is entitled to permits along with all necessary approvals required to erect and maintain supergraphics signage at 6464 and 6565 Sunset Boulevard.

2. For a declaration that Paramount is entitled to a permit along with all necessary approvals required to erect off-site "temporary signs" at 6464 and 6565 Sunset Boulevard.

3. For compensatory damages, consequential damages, attorneys' fees and lost profits in an amount according to proof.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

10

COMPLAINT

## ON ALL CAUSES OF ACTION

1. For costs of suit incurred herein;
2. For reasonable attorneys' fees;
3. For interest on all sums due;
4. For such other and further relief as this Court deems proper.

Dated: July 9, 2015

Respectfully submitted,

LOEB & LOEB LLP
WILLIAM M. BRODY

By: /s/ William Brody
William Brody
Attorneys for Plaintiffs
THE FOLB PARTNERSHIP and
PARAMOUNT CONTRACTORS AND
DEVELOPERS, INC.

HARDER MIRELL & ABRAMS LLP
DOUGLAS A. MIRELL
DILAN A. ESPER

By: _____
Douglas Mirell
Attorneys for Plaintiffs
THE FOLB PARTNERSHIP and
PARAMOUNT CONTRACTORS AND
DEVELOPERS, INC.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2435299.6
028782-10015

## ON ALL CAUSES OF ACTION

1. For costs of suit incurred herein;
2. For reasonable attorneys' fees;
3. For interest on all sums due;
4. For such other and further relief as this Court deems proper.

Dated: July 9, 2015

Respectfully submitted,

LOEB & LOEB LLP
WILLIAM M. BRODY

By: _____
William Brody
Attorneys for Plaintiffs
THE FOLB PARTNERSHIP and
PARAMOUNT CONTRACTORS AND
DEVELOPERS, INC.

HARDER MIRELL & ABRAMS LLP
DOUGLAS A. MIRELL
DILAN A. ESPER

By: Douglas Mirell byDAE
Douglas Mirell
Attorneys for Plaintiffs
THE FOLB PARTNERSHIP and
PARAMOUNT CONTRACTORS AND
DEVELOPERS, INC.

11
COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 200 North Main Street, 701 City Hall East, Los Angeles, California 90012-4131.

On August 12, 2015, I served the foregoing documents described as: **DEFENDANT CITY OF LOS ANGELES' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a); DECLARATION OF KENNETH T. FONG (FEDERAL QUESTION)** on all interested parties in this action by placing the original or a true copy thereof enclosed in a sealed envelope addressed as follows:

| LOEB & LOEB LLP | HARDER MIRELL & ABRAMS LLP |
|---|---|
| William M. Brody, Esq. | Douglas E. Mirell, Esq. |
| 10100 Santa Monica Blvd., Suite 2200 | Dilan A. Esper, Esq. |
| Los Angeles, California 90067 | 1801 Avenue of the Stars, Suite 1120 |
| | Los Angeles, California 90067 |

[X] **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on August 12, 2015, at Los Angeles, California.

ZENIA RIVERA ALMOZARA

4