# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV 15-6153 FMO (PJWx) | Date | December 28, 2018 |
| Title | The Folb Partnership, et al. v. City of Los Angeles, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):

None Present                        None Present

**Proceedings:**     (In Chambers) Order Remanding Action

The parties are familiar with the facts of the case, so the court recounts them only very briefly here. On July 9, 2015, the Folb Partnership ("plaintiff" or "Folb") and Paramount Contractors and Developers, Inc. ("Paramount") (collectively, "plaintiffs"), brought this action against the City of Los Angeles ("defendant" or "City") in state court. (See Dkt. 68, Court's Order of April 24, 2017, at 1). Defendant removed the action to this court. (See Dkt. 1, Notice of Removal). This case involves allegations "that the City failed to properly apply its signage regulations when it denied Paramount's permit applications for" certain sign displays, in violation of the United States Constitution and local law. (Dkt. 72, Memorandum at 2).

The court subsequently granted in part the City's motion to dismiss the complaint on res judicata grounds. (See Dkt. 51, Court's Order of September 14, 2016 at 20-21). The court dismissed with prejudice Paramount's claims, and dismissed Folb's claims with leave to amend. (See id.).

Plaintiffs appealed to the Ninth Circuit. (See Dkt. 70, Notice of Appeal). The Ninth Circuit affirmed in part and reversed in part, holding that this court correctly determined that res judicata bars "Paramount's claim concerning supergraphics," but not Paramount's "claim concerning wall signs." (Dkt. 72, Memorandum at 4). The Ninth Circuit further noted that "Paramount withdrew its constitutional claims on appeal" and thus "the only remaining claim is a purely local one." (Id.). Accordingly, this court "has discretion to either exercise supplemental jurisdiction over this claim or remand the action to state court." (Id.).

"Where removal is properly effected under section 1441(a), the district court may also elect to exercise pendent jurisdiction over state law claims." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1196 (9th Cir. 1988). However, the court is not required to exercise supplemental jurisdiction over the state law claims. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."); Moor v. Cty. of Alameda, 411 U.S. 693, 716-17, 93 S.Ct. 1785, 1799 (1973) (recognizing that where district courts have original jurisdiction, courts have "broad discretion" in determining whether to exercise supplemental jurisdiction over state law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-6153 FMO (PJWx) | Date | December 28, 2018 |
|---|---|---|---|
| Title | The Folb Partnership, et al. v. City of Los Angeles, et al. | | |

claims). Thus, "a district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio., Inc., 556 U.S. 635, 640, 129 S.Ct. 1862, 1866 (2009).

Here, where the only remaining claim is a "purely local" one, (Dkt. 72, Memorandum at 4), the court discerns no good reason why it should retain supplemental jurisdiction over this claim. See Paris v. Steinberg & Steinberg, 2012 WL 405408, *2 (W.D. Wash. 2012) (declining to exercise supplemental jurisdiction in part because "state courts have more familiarity with controlling principles and the authority to render final judgment" over remaining state law claims); see also United Mine Workers, 383 U.S. at 726, 86 S.Ct. at 1139 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Accordingly, IT IS ORDERED THAT:

1. This action be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, California 90012.

2. The Clerk send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |